OPINION
{¶ 1} Defendant-appellant Brian Hosey appeals his conviction and sentence from the Licking County Court of Common Pleas on one count of receiving stolen property, in violation of R.C. 2913.51. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 17, 2002, appellant was indicted on one count of receiving stolen property, specifically a temporary license placard for an automobile, in violation of R.C. 2913.51. The case proceeded to a jury trial conducted on September 4, 2002. Upon deliberation, the jury found appellant guilty of receiving stolen property. By Judgment Entry filed September 5, 2002, the trial court found appellant guilty and sentenced appellant to eight months of incarceration.
 {¶ 3} It is from his conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 4} "Mr. Hosey's conviction was obtained against the weight of the evidence."
 {¶ 5} In his sole assignment of error, appellant contends that his conviction for receiving stolen property was against the manifest weight of the evidence, pursuant to State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. We disagree.
 {¶ 6} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins
(1997), supra. (citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, syllabus at paragraph one.
 {¶ 7} Appellant was indicted on one count of receiving stolen property, specifically a temporary license placard for an automobile, in violation of R.C. 2913.51(A). Revised Code 2913.51(A) states the following: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 8} We find that the conviction is not against the weight of the evidence. Appellant was found to be in possession of a temporary license placard registered to Licking Knox Goodwill Industries [hereinafter Goodwill]. Appellant had recently been to Goodwill to purchase an automobile so that he could obtain a temporary license placard.[1] Mr. Stoneburner, an employee of Goodwill who had assisted appellant, testified that he never issued the placard found in appellant's possession to appellant. Stoneburner further testified that he did not fill out the placard for appellant. Stoneburner also testified that when he accused appellant of stealing from Goodwill, appellant stated that he did not remember who did what. An officer of the Newark Police Department testified that when he questioned appellant about the placard, appellant stated that he "smiled from ear to ear and said he had no idea how it got there." Transcript of Proceedings, pg. 87.
 {¶ 9} Appellant testified at the trial and admitted to filling out the placard himself knowing that what he was doing was wrong. Appellant also admitted that he placed the placard on an automobile that he already owned but which was not licensed in the State of Ohio.
 {¶ 10} In his appellate brief, appellant contends that it was ambiguous as to how appellant obtained possession of the temporary tag. On this trip to Goodwill, appellant did not have enough money to complete the sale. However, he did enter into a written contract to purchase a vehicle and placed a downpayment on the vehicle. In leaving Goodwill, appellant claims that he took his copy of the contract and a blank temporary placard which was under the contract. Appellant testified that he believed he had purchased the placard when he placed the downpayment on the automobile. However, the jury was free to believe or disbelieve appellant's testimony.
 {¶ 11} In conclusion, we find that the jury did not lose its way nor create a manifest miscarriage of justice. Thus, appellant's conviction is not against the weight of the evidence. Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Edwards, J., Hoffman, P.J. and Boggins, J. concur.
In Re: Receiving Stolen Property — Manifest Weight.
[1] Appellant has no driver's license and is not eligible to register a vehicle in Ohio. Appellant had developed a scheme by which he attempted to get around his inability to register a vehicle. Appellant would purchase an inexpensive automobile and in so doing, obtained a temporary, 30-day placard. Once the placard expired, appellant would sell that automobile and purchase another inexpensive car, thus obtaining a new temporary placard. Appellant believed that he could then drive a properly licensed vehicle despite his lack of a driver's license and inability to legally register a vehicle in Ohio.